SO ORDERED: February 22, 2005.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LISA MARIE ROBEY | ) CASE NO. 04-10634-AJM-13 |
| | ) |
| Debtor | ) |

**ORDER ON OBJECTION FILED BY CONSUMER FINANCIAL SERVICES TO DEBTOR'S CHAPTER 13 PLAN AND ORDER DIRECTING DEBTOR TO FILE IMMATERIAL MODIFICATION**

The Debtor owns a 1999 Dodge Durango (the "Vehicle") subject to the lien of Consumer Financial Services ("CFS"). The Debtor filed her amended chapter 13 plan on December 14, 2004 which provided that the Vehicle's fair market value, and hence, CFS' secured claim, was $5000, payable at 8%. The plan also provided that CFS was to release the lien on the Vehicle once its secured claim was paid in full.

CFS objected and alleged that the Vehicle was worth $10,000, and requested that said sum be payable at an annual interest rate at 22%. Hearing on CFS' objection

1

to the plan was held on February 15, 2005 wherein the Debtor appeared by counsel, Steve Halbert; CFS appeared by counsel Gary Landau.

Section 1325(a)(5) provides for three ways in which a secured creditor's claim can be treated in a chapter 13 plan for the plan to be confirmed: (1) the creditor can consent to the plan; (2) the plan can provide that the debtor will surrender the collateral subject to the secured creditor's lien; or (3) the debtor can use its "cram down" powers by proposing to keep and use the collateral over the secured creditor's objection provided that: (a) the plan provides that the creditor retain its lien and the debtor pays the creditor payments under the plan payments that equal the present value of the creditor's allowed secured claim.  §1325(a)(5)(B)(ii).

How is the creditor's "allowed secured claim" computed?  §506(a) says that an allowed secured claim is "the value of such creditor's interest in the estate's interest in such property" and that such value is determined "in light of the purpose of the valuation and of the proposed disposition or use of such property...".  The Supreme Court of the United States has held that the appropriate valuation standard to use where the debtor proposes to retain and use the property is the "replacement value standard"- what the debtor would have to pay for comparable property from a willing seller.  *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S.Ct. 1879 (1997).

Here, the Debtor is invoking the "cram down" provisions under §1325(a)(5)(B)(ii). The Debtor's only evidence of the Vehicle's value is the Kelley Blue Book trade-in value of $3710.  In addition, CFS presented evidence of value in the form of an NADA retail valuation of $11,425, with an adjustment of $2450 to account for the Vehicle's high mileage.  CFS did state in the hearing that it would accept a $6500 valuation, payable

at 8 ½% interest.

The Court finds that the Debtor's evidence of trade in value is not consistent with the valuation method set forth in Rash.   Thus, the Court finds that CFS shall be the holder of an allowed secured claim in the amount of $6500, payable at 8 ½ %.  The Debtor is hereby ORDERED to file an immaterial modification to the amended plan setting forth such treatment for CFS' claim within twenty (20) days of the date of this order.

# # #

Distribution:
Steve Halbert, attorney for the Debtor
Gary Landau, attorney for Consumer Financial Services
Robert Brothers, chapter 13 Trustee
Nancy J. Gargula, United States Trustee